IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASON M.,<br><br>    Claimant,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>    Respondent. | No. 20 C 6122<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Mason M.[1] ("Claimant") seeks review of the final decision of Respondent Kilolo Kijakazi,[2] Acting Commissioner of Social Security ("Commissioner"), denying his application for supplemental security income under section 1614(a)(3)(A) of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 7]. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c). For the reasons discussed below, Claimant's Motion for Summary Judgment [ECF No. 18] is denied, and the Commissioner's Motion for Summary Judgement [ECF No. 21] is granted.

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his or her full first name and the first initial of the last name.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Acting Commissioner Kijakazi as the named defendant.

## PROCEDURAL HISTORY

Claimant protectively filed an application for supplemental security income on June 1, 2017, alleging a disability beginning May 1, 2017. (R.15). His application was denied initially on December 29, 2017, and upon reconsideration on April 18, 2018. (R.15). Claimant then requested a hearing before an Administrative Law Judge ("ALJ"), and he appeared and testified at a hearing on May 23, 2019 before ALJ Patricia Kendall. Claimant was represented by counsel at the hearing. (R.15). Mark I. Oberlander, Ph.D, an impartial medical expert, and Theresa Kopitzke, an impartial vocational expert ("VE"), also testified during the hearing. (R.15). On January 6, 2020, ALJ Kendall issued a decision, finding Claimant was not disabled under section 1614(a)(3)(A) of the Social Security Act, and denied his application for supplemental security income. (R.15-32).

In finding Claimant not disabled, the ALJ followed the five-step evaluation process required by Social Security regulations for individuals over the age of 18. *See* 20 C.F.R. § 416.920(a). At step one, the ALJ found Claimant had not engaged in substantial gainful activity since June 1, 2017, the application date. (R.17). At step two, the ALJ found Claimant had the following severe impairments: generalized anxiety disorder ("GAD"), obsessive compulsive disorder ("OCD"), major depressive disorder ("MDD"), attention deficit hyperactivity disorder ("ADHD"), marijuana disorder in early remission, and obesity (R.17). At step three, the ALJ determined Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926). (R.18). In particular, the ALJ concluded that the severity of Claimant's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listings 12.04, 12.06, and 12.11. (R.19). The ALJ also found that neither the "paragraph B" nor "paragraph C" criteria were satisfied. (R.19-22).

The ALJ then found Claimant had the residual functional capacity ("RFC")[3] to perform "a full range of work at all exertional levels but with the following nonexertional limitations: No climbing ladders, ropes, scaffolds. No exposure to unprotected heights. Work limited to simple, routine, and repetitive tasks, in a work environment free of fast paced production requirement, involving only simple, work-related decisions, with few, if any, workplace changes. Rare, if any, interaction with the public. Occasional interaction with co-workers, but no tandem tasks, and occasional supervision." (R.23). At step four, the ALJ found that Claimant did not have any past relevant work history. (R.30)

At step five, the ALJ relied on the VE's testimony, which the ALJ found to be "consistent with the information contained in the Dictionary of Occupational Titles ("DOT") and if inconsistent with the DOT, is reliable based on her knowledge of and experience in the labor market." (R.31). Based on the VE's testimony and considering Claimant's age, education, and RFC, the ALJ concluded there are jobs that exist in significant numbers in the national economy that Claimant can perform. (R.31).

---

[3] Before proceeding from step three to step four, the ALJ assesses a claimant's RFC. 20 C.F.R. § 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite [her] mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

Specifically, the VE identified jobs including medium, unskilled occupations with specific vocational preparations, including kitchen helper (DOT #318.687-101), industrial cleaner (DOT #381.687-018), and hospital cleaner (DOT # 323.687-014), that Claimant could perform and which are available in significant numbers in the national economy. (R.31). For all these reasons, the ALJ concluded that Claimant has not been disabled as defined under the Social Security Act since June 1, 2017, the date he filed his application. (R.32).

The Appeals Council denied Claimant's request for review on August 26, 2020 (R.1-6), making the ALJ's decision the final decision of the Commissioner. *See Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). Thereafter, Claimant filed this lawsuit seeking judicial review, and this Court has jurisdiction to review this matter. *See* 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

When a claimant files an application for disability benefits and/or supplemental security income, he bears the burden under the Social Security Act to bring forth evidence that proves his impairments are so severe that they prevent the performance of any substantial gainful activity. 42 U.S.C. § 423(d)(5)(A); *Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (citing 42 U.S.C. § 423(d)(1)(A)). A five-step inquiry controls whether an individual is eligible for disability benefits under the Social Security Act, which the Seventh Circuit has summarized as follows:

> The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude

4

substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Butler v. Kijakazi,* 4 F.4th 498, 501 (7th Cir. 2021) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005); 20 C.F.R. § 416.920)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022).

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Judicial review is limited to determining whether an ALJ's decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standard in reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotations omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Biestek,* 139 S.Ct. at 1154; *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the ALJ's decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the

5

evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008) (internal quotations omitted). In other words, if the ALJ's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008) (internal quotations omitted). The reviewing court may not, however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

Claimant argues the ALJ's decision cannot stand because: (1) the ALJ imposed an incorrect burden of proof for Claimant to show that he is disabled and cannot work; (2) the ALJ erred in not relying on the testimony and opinion of Dr. Mark Oberlander, Psy.D., the impartial medical expert who testified in this case; and (3) the ALJ's RFC determination did not accommodate all of Claimant's limitations, in combination. The Court will address each argument in turn.

At the outset of the Court's review, it is important to note the Court's role in this case is not to determine from scratch whether or not Claimant is disabled and entitled to supplemental security income. Instead, as set forth above, the law mandates that the Court's review of the ALJ's findings is deferential, and the Court only must determine whether the ALJ applied the correct legal standard and confirm

6

that the ALJ's decision is supported by substantial evidence. *See Shideler v. Astrue,* 688 F.3d 306, 310 (7th Cir. 2012); *Castile v. Astrue,* 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue,* 546 F.3d 456, 462 (7th Cir. 2008). This Court cannot consider the facts anew or draw its own conclusion. Rather, if substantial evidence supports the ALJ's factual findings, those findings are conclusive, and the Commissioner's decision must be affirmed. 42 U.S.C. § 405(g). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Nelms*, 553 F.3d at 1097 (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). In making this determination, the Court must review the record as a whole, and it cannot re-weigh the evidence or substitute its judgment for that of the ALJ. *Id.*

### A. Burden of Proof

As a threshold argument, Claimant argues the ALJ imposed an incorrect standard of proof by requiring Claimant to show by a preponderance of the evidence that his symptoms are more limiting than what the ALJ found in the RFC. Claimant's Brief [ECF No. 18], at 8. The Court disagrees with Claimant. In a recent decision, the Seventh Circuit clearly articulated that "[t]he ALJ determines whether the parties have met their burden by a preponderance of the evidence." *Martinez v. Kijakazi*, 71 F.4th 1076, 1080 (7th Cir. 2023) (citing 20 C.F.R. § 404.953(a)); *see also* 20 C.F.R. § 416.1453(a). "Preponderance of the evidence means such relevant evidence that as a whole shows that the existence of the fact to be proven is more likely than not." 20 C.F.R. § 416.1401; *see Frederick B. v. Kijakazi*, 2023 WL 2966539, at *3 (N.D. Ind. Apr. 17, 2023); *see also Gildon v. Astrue*, 260 F. App'x 927, 929 (7th Cir. 2008) ("Under

7

[the preponderance of the evidence] standard, [the claimant] was required to show that it is more likely than not that she is suffering from a continuous, severe impairment that began in the relevant period.") (citation omitted). Based on Seventh Circuit precedent, it is clear the ALJ did not hold Claimant "to a higher standard than is dictated by the regulations" and "applied the appropriate preponderance standard." *Randall M. v. Berryhill*, 2019 WL 2473829, at *6 (N.D. Ill. June 13, 2019). Therefore, remand is not required on this threshold issue.

### B. Testimony and Opinion of the Medical Expert

Next, Claimant argues the ALJ erred when she did not accept the opinion of the medical expert, Dr. Mark Oberlander, who opined that the medical evidence supported a finding of listing level severity that is work preclusive for Claimant. Claimant's Brief [ECF No. 22], at 9-12. When evaluating a claimant's impairments under the listings, the agency assigns ratings in four broad functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See* 20 C.F.R., Part 404, Subpart P, App. 1, § 12.00(E). These four functional areas are known as the "B" criteria. *Craft v. Astrue*, 539 F.3d 668, 674 (7th Cir. 2008) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00 et seq.). In rating the B criteria, an ALJ will use a five-point scale: none, mild, moderate, marked, or extreme. 20 C.F.R. § 416.920a(c)(4). If a claimant's degree of limitation is rated as "marked" in two or more areas or "extreme" in one area, the mental impairment typically meets a listing level for a finding of per se disability. 20 C.F.R. § 416.920a(d)(1).

8

In this case, Dr. Oberlander found Claimant had marked limitations in the functional areas of social interaction and adaptation and management of oneself. (R.77). The ALJ, however, did not adopt Dr. Oberlander's findings and instead explained that she was more persuaded by the opinions of the state agency psychological consultants who concluded that Claimant had moderate limitations in those areas of functioning. (R.18). The ALJ explained that the record better supported the opinions of the state agency psychological consultants than Dr. Oberlander's opinion, and she discussed and cited in detail the records that she found supported a finding of moderate limitations in the areas of interacting with others and adapting or managing oneself. (R.18-20).

As to interacting with others, the ALJ explained the evidence shows that Claimant was generally cooperative and made eye contact during his examinations. (R.20). In addition, the ALJ noted that Claimant did not have a history of arrests or incarcerations. (R.20). The ALJ also noted the records show that Claimant enjoyed going to group therapy with his peers and would participate when doing so. (R.20) (citing Ex. 11F/8). The ALJ further explained Claimant's records show that when he was at school and became comfortable, he was able to engage with his peers and staff, demonstrated a good rapport, put forth good work ethic, participated with the rest of the students, engaged in good discussions, and was a pleasure to have in class. (R.20) (citing Ex. 1E/20). The ALJ also noted Claimant's conditions improved over time and that a treating psychiatrist found in November 2017, he was "much improved." (R.20) (citing Ex. 2F/205-206, 211-212). Relying on other records, the ALJ further noted that

9

Claimant "seeks interaction, initiates conversations, [was] cooperative and pleasant with good eye contact." (R.20) (citing R. Ex. 2F/205-206, 211-212). Finally, the ALJ highlighted that Claimant's mother reported in January 2018 that Claimant had been calmer, did not have any temper tantrums, meltdowns, or aggressive outbursts as before and was easier to be around. (R.21) (citing Ex. 11F/8). The Court cannot say that the ALJ's explanation is not supported by the medical evidence.

As to adapting or managing oneself, the ALJ acknowledged that Claimant still had a significant level of ongoing psychiatric treatment and psychotherapy, but also noted that (1) his behavior improved with treatment after high school; (2) his medications were not adjusted frequently; and (3) there was not any evidence of decompensations or symptom exacerbations that required inpatient treatment. (R.22). The ALJ also noted that by October 2017, there were no serious mental status abnormalities on examination. (R.22) (citing 11F/12-13). The ALJ further explained that, in her view, Dr. Oberlander relied too heavily on older school records in finding a marked limitation while the state agency consultants' finding of a moderate limitation "is more consistent with improved adaptation that is demonstrated in the medical evidence." (R.22). The ALJ also noted that Claimant did not have any "marked mental symptoms that were confirmed objectively on a consistent basis." (R.22). The Court again cannot say that the ALJ did not provide an adequate explanation for her findings.

Based on this record, the Court finds the ALJ sufficiently explained her evaluation of the medical evidence with specific citations to the record finding that

10

Claimant generally responded to treatment and there was insufficient evidence to corroborate that Claimant had frequent or marked mental symptoms on a consistent basis. (R.22). The ALJ discussed Dr. Oberlander's testimony and opinion and sufficiently explained why she was not persuaded by the extreme limitations set forth in his opinion. Claimant may believe that he has greater functional limitations, but as the Seventh Circuit has explained, the Court cannot substitute its own judgment for the ALJ's determination by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

Viewing the record as a whole, the ALJ provided sufficient reasons for not crediting Dr. Oberlander's opinion and that decision is supported by substantial evidence. *See Biestek*, 139 S. Ct. at 1154 ("Substantial evidence is not a high hurdle to clear – it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). In the Court's view, the ALJ built a logical bridge between the evidence and her conclusions that Claimant has no more than moderate limitations in the functional areas of social interaction and adaptation and management of oneself. (R.22). To the extent Claimant is asking the Court to reweigh the evidence, the Court cannot do that, and the ALJ's evaluation of the medical opinion evidence must stand. *Zoch v. Saul*, 981 F.3d 597, 602 (7th Cir. 2020) (The court "will not reweigh evidence or substitute [its] judgment for [that of] the ALJ's."). For these reasons, Claimant's request to remand the case because the ALJ did not accept Dr. Oberlander's opinion is denied.

### C. Claimant's RFC

Claimant's last argument is that the ALJ's RFC determination is flawed because she did not adequately account for or accommodate all of Claimant's limitations, in combination, including specifically his mental limitations and obesity. Claimant's Brief [ECF No. 18], at 12-15. The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *Madrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). "In making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record, even limitations that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Murphy v. Colvin,* 759 F.3d 811, 817 (7th Cir. 2014), as amended (Aug. 20, 2014) (quotation omitted); *see also Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019); *Varga v. Colvin,* 794 F.3d 809, 813 (7th Cir. 2015); SSR 96-8p; 20 C.F.R. § 416.945(a).

The first prong of Claimant's argument challenging the ALJ's RFC does little more than restate Claimant's arguments that the ALJ erred in not accepting Dr. Oberlander's opinion that Claimant had some work-preclusive functional limitations in his social interactions and adapting and managing himself that preclude him from working full-time. For the reasons discussed above, the Court is not persuaded by Claimant's arguments. In essence, Claimant argues that he cannot sustain full-time work because he did not perform well in school, generally spent his days in his room

playing video games, and could only help his mother a few hours per week with her home-based business. Claimant's Brief [ECF No. 18], at14. The ALJ was not persuaded by Claimant's arguments, and neither is the Court.

The next prong of Claimant's argument is that the ALJ failed to consider the impact of Claimant's obesity on his ability to sustain the non-exertional and exertional requirements of full-time work. Claimant's Brief [ECF No. 18], at 14. The Court again disagrees with Claimant and finds that the ALJ squarely addressed Claimant's obesity and its combined effects with his other impairments. The ALJ specifically referenced SSR 02-1p, the Social Security Administration's guidance on obesity, and followed that guidance in her substantive analysis. The ALJ noted that there was no longitudinal evidence of significant exertional limitation or loss of physical function due to his obesity or any combination of his physical impairments. (R.18). Although the ALJ did not conclude Claimant's obesity exacerbated his other impairments enough to meet or medically equal a listing, she nevertheless accounted for limitations arising out of Claimant's obesity, both singularly and in combination with other impairments. (R.18) (citing 1E/17).

While Claimant may have wanted the ALJ to say more, the articulation requirement is a minimal one.[4] Based on the medical records, the ALJ found obesity

---

[4] *See, e.g., Deloney v. Saul*, 840 F. App'x 1, 5 (7th Cir. 2020) (holding that an ALJ need only "minimally articulate his reasoning" to satisfy duty to build a logical bridge from evidence to conclusions); *Ephrain S. v. Berryhill*, 355 F. Supp. 3d 738, 750 (N.D. Ill. 2019) ("The 'logical bridge' requirement is not about elegantia juris or aesthetics. The ALJ need not build the Pont Neuf. A simple trestle will suffice so long as it allows the reviewing court to traverse safely the divide between the evidence and the conclusions. It is, after all, a lax requirement, as the Court of Appeals reminds us. All that is needed is that the ALJ '"minimally articulate' the reasons underlying the decision.") (citations omitted).

was a severe impairment, and she incorporated limitations into the RFC to account for that severe limitation. This is more than enough for the Court to conclude the ALJ adequately considered Claimant's obesity and supported her RFC determination with substantial evidence. *Shumaker v. Colvin*, 632 F. App'x 861, 867 (7th Cir. 2015).

The Court finds that the ALJ sufficiently explained her evaluation of Claimant's limitations and reasonably accommodated Claimant's mental limitations and postural difficulties in the RFC. Based on those limitations, the ALJ reasonably found that Claimant could perform "a full range of work at all exertional levels but with the following nonexertional limitations: No climbing ladders, ropes, scaffolds. No exposure to unprotected heights. Work limited to simple, routine, and repetitive tasks, in a work environment free of fast paced production requirement, involving only simple, work-related decisions, with few, if any, workplace changes. Rare, if any, interaction with the public. Occasional interaction with co-workers, but no tandem tasks, and occasional supervision." (R.23). Claimant may disagree with the ALJ's conclusion, but the "RFC is a legal—and not a medical—decision that is exclusively within the ALJ's authority to make[.]" *Michael B. v. Berryhill*, 2019 WL 2269962, at *6 (N.D. Ill. 2019). And Claimant's arguments to the contrary do not persuade the Court that the ALJ's analysis is flawed.

In the Court's view, the ALJ supported her RFC conclusion with substantial evidence and built a logical bridge between the evidence and her conclusion that Claimant's mental limitations and obesity were not work-preclusive and could be

accommodated by the restrictions contained in the RFC. Therefore, remand is not required.

## CONCLUSION

Accordingly, for all of the reasons set for in the Court's Memorandum, Opinion and Order, Claimant's Motion for Summary Judgment [ECF No. 18] is denied, and the Commissioner's Motion for Summary Judgement [ECF No. 21] is granted.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated:   September 5, 2023